Patrick M. Flatley
United States Bankruptcy Judge
Dated: Wednesday, July 06, 2011 2:18:37 PM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                      )
                                            )
DENNIS H. MAJKOWSKI,                        )   Case No. 07-bk-199
                                            )
          Debtor.                           )   Chapter 13
_____         )

**MEMORANDUM OPINION**

On November 3, 2010, Dennis Majkowski (the "Debtor") died. The Debtor's Last Will and Testament appointed Tonya Majkowski as executrix of his death estate, and, on March 11, 2011, Tonya Majkowski filed a motion to dismiss the Debtor's pending Chapter 13 case and a motion for the Trustee to cease disbursements under the Debtor's confirmed plan.

Ms. Majkowski asserts that the funds held by the Chapter 13 Trustee should be paid to her as executrix of the Debtor's death estate rather than be disbursed to the creditors in this case. The Trustee asserts that the funds should be disbursed according to the terms of the Debtor's confirmed Chapter 13 plan.

Property of a Chapter 13 estate includes "earnings from services performed by the debtor after the commencement of the case but before the case is . . . dismissed." 11 U.S.C. § 1306(a)(2). Because an order granting a voluntary dismissal of a Chapter 13 case is effective *nunc pro tunc* on the date the motion for voluntary dismissal is filed, *In re Campbell*, Case No. 07-457, 2007 WL 4553596, *7 (Bankr.N.D.W. Va. Dec. 18, 2007), a debtor's plan payments to a Chapter 13 trustee after the filing of a motion for voluntary dismissal are not property of the estate because the estate ceases to exist, and should be remitted to the debtor upon dismissal.

As of May 23, 2011, the Trustee has on hand the sum of $13,386.41. Of that amount, all but $1,946.16 was received after the March 11, 2011 motion to voluntarily dismiss. Therefore, the

1

$11,440.25 on hand as of May 23, 2011, and any other funds held by the Trustee that were received by the Trustee after March 11, 2011, is not property of the estate and must be remitted to Ms. Majkowski.

Regarding the $1,946.16 received by the Trustee post-confirmation, before the filing of the motion to dismiss, but not yet distributed, "unless the court, for cause, orders otherwise, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case . . . ."  11 U.S.C. § 349(b)(3).

At least one court has held that, notwithstanding § 349(b)(3)'s revesting provisions, nothing in the Bankruptcy Code relieves the trustee from the statutory duty to distribute funds in accordance with a confirmed plan under § 1326(a)(2). *In re Parrish*, 274 B.R. 424, 429 (Bankr.D.D.C. 2002) ("[U]nless dismissal vacates the effectiveness of a confirmed plan (and nothing in the Bankruptcy Code says it does), § 1326(a)(2) requires the trustee to disburse those funds in accordance with the confirmed plan without regard to who holds title.").  This court, however, finds that the better reasoned view is that § 1326(a)(2), by its very terms, is inapplicable to funds paid to the trustee post-confirmation but not disbursed pursuant to the confirmed plan at the time of dismissal.  *See In re Parker*, 400 B.R. 55, 62 (Bankr.E.D.Pa. 2009) ("[T]he general provision of [§] 349(b)(3) may govern postconfirmation payments held by a chapter 13 trustee upon dismissal.  It does not, however, undermine the rights of creditors to funds paid pre-confirmation as specified in [§] 1326(a).").

*Parker* is the better-reasoned view because "any such payment" in § 1326(a)(2) explicitly refers to payments made "not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier . . . ," 11 U.S.C. § 1326(a)(1), and "retained by the trustee until confirmation or denial of confirmation." 11 U.S.C. § 1326(a)(2).  Therefore, § 1326(a)(2) applies only to payments paid to the trustee after the commencement of the case but prior to confirmation or denial of confirmation, and is inapplicable to funds paid to the trustee post-confirmation; such funds revert to the debtor pursuant to § 349(b)(3).

Here, the remaining $1,946.16 held by the Trustee was received by the Trustee post-confirmation and would have otherwise been disbursed pursuant to the Debtor's confirmed plan. But the funds were not disbursed pursuant to the confirmed plan before the filing of the March 11, 2011 motion to voluntarily dismiss, and, thus, they reverted to the Debtor pursuant to § 349(b)(3).

Therefore, it is hereby

**ORDERED** that the Debtor's Motion to Dismiss (Doc. No. 234), filed March 11, 2011, is GRANTED *nunc pro tunc*. It is

**FURTHER ORDERED** that the Debtor's Motion to Cease Disbursements (Doc. No. 235), filed March 11, 2011, is GRANTED. Any post-confirmation payments held by the Trustee at the time of dismissal must be returned to Ms. Majkowski as executrix of the Debtor's death estate.